## In re Bonner

Before Davis, P. J., Stern, P. J., and Parry, Brown, Jr., and Alessandroni, JJ.

C. Brewster Rhoads, for Committee of Censors.

George J. Edwards, Jr., for respondent.

PER CURIAM, June 13, 1934.—This is a petition presented by the Committee of Censors of the Philadelphia Bar Association to show cause why the respondent, Robert F. Bonner, should not be disbarred or disciplined.

It appears from the record that on December 17, 1928, the complainant delivered to the respondent, Robert F. Bonner, a check drawn to complainant's order and endorsed in blank, in the sum of $1,500, for the purpose of paying off a mortgage. At this time, the complainant also gave to the respondent cash in sufficient amount to pay the interest on the mortgage for the period of one month. The respondent deposited this check to his own account, on or about January 2, 1929.

In September 1929, the respondent received a complete search of the title to the property in question, and in December of the same year he demanded and received from complainant the sum of $193.06 in payment of the costs of the searches, unpaid taxes on the lots, and interest on the mortgage in the sum of $35, and the further sum of $35 as his fee for services.

The objections which appeared in the searches were cleared up by April 1930. The respondent did not then or at any time since pay off the mortgage. He did not then have in his account the sum of $1,500 which he had received for the purpose of paying off the mortgage, he having used the money given to him by the complainant for his own purposes.

In March 1933, the complainant first learned that respondent had not paid off the mortgage.

594

On April 1, 1933, the respondent admitted to the complainant that he did not have the money which she had given to him to pay off the mortgage. He then gave to the complainant a bond of the City of Wildwood, N. J., of the face value of $1,000, and on April 29, 1933, he gave her his note for the balance of $500. The coupons due June 8, 1933, on the bond were not paid.

After the complaint was filed, respondent paid to the complainant the sum of $200 on account of his note for $500.

It does not appear that the complainant at any time authorized the respondent to invest the said sum of $1,500 or to use it in any other manner than to pay off the mortgage.

It was further stated at bar that there had been a number of complaints filed with the Committee of Censors, since 1929, against the respondent.

The respondent filed an answer to the complaint, admitting the receipt from the complainant of the sum of $1,500, but alleged, inter alia, that he was authorized and directed by the complainant to use the money "until it was safe to pay off the mortgage."

Respondent further admitted that he used and invested the money for his own purposes.

We are of the opinion that the respondent has violated his oath of office as a member of the bar, in that he has wilfully appropriated money belonging to a client.

The court is further of the opinion that under the evidence presented the respondent should be disbarred.

### Decree

And now, June 13, 1934, upon consideration of the rule taken by the Committee of Censors of the Bar Association of the County of Philadelphia, it is ordered that the rule be made absolute, and the said Robert F. Bonner be and is hereby disbarred from practicing at the bar of this court, and that his name be stricken from the roll of attorneys.

Notice of this order to be given by the prothonotary to the Supreme and Superior Courts of Pennsylvania, the several Courts of Common Pleas, the Orphans' Court, and the Municipal Court.